IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Justin Henderson, | ) | |
| | ) | C.A. No. 1:19-cv-00890-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner who seeks relief under 28 U.S.C. § 2254. Petitioner, proceeding *pro se* and *in forma pauperis*, filed this Petition for writ of habeas corpus on March 25, 2019. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because of Petitioner's failure to prosecute. (ECF No. 24). Petitioner was advised of his right to file objections to the Report. *Id*. at 3; (*see also* ECF No. 25). Petitioner filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.

1

2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

On August 2, 2019, Respondent filed a Motion for Summary Judgment. (ECF No. 19). On August 5, 2019, the magistrate judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the potential consequences he could face if he failed to adequately respond to Respondent's motion. (ECF No. 20). A copy of the *Roseboro* Order was placed in the mail to Petitioner the same day. (ECF No. 21). Despite this admonition, Petitioner did not respond to the motion. On September 9, 2019, the magistrate judge issued an Order directing Petitioner to inform the court whether he wished to continue pursuing this matter and to file a response to the summary judgment motion, and warning Petitioner that his failure to do so could result in a dismissal of the case, with prejudice, for failure to prosecute. (ECF No. 22). This Order was placed in the mail to Petitioner on September 10, 2019. To this date, Petitioner has not communicated to the court any intention to continue with this case, nor filed a response to Respondent's motion. Based on his failure to comply with the Rules of Civil Procedure and the Orders of the court, it appears Petitioner no longer wishes to pursue this action.

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 24), which is incorporated herein by reference. The court finds that sanctions less drastic than dismissal would not be effective in this case because Petitioner has already ignored court Orders and deadlines at this point. Accordingly, this case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Furthermore, Respondent's Motion for Summary Judgment (ECF No. 19) is **DENIED as moot**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his or her constitutional claims are

debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/ Timothy M. Cain<br>
Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
October 21, 2019